NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID VALERIO-DIAZ,

    Petitioner,

v.

MIDDLESEX COUNTY SUPERIOR COURT, et al.,

    Respondents.

Civil Action No. 23-21073 (ZNQ)

OPINION

**QURAISHI, District Judge**

    Petitioner David Valerio-Diaz, a pretrial detainee at Middlesex County Jail, is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Pet., ECF No. 1.)  Before the Court is Petitioner's application to proceed *in forma pauperis* ("IFP").  (IFP Application, ECF No. 2.)  For the reasons below, the Court will grant Petitioner's IFP Application.  However, the Court will dismiss the Petition without prejudice for lack of jurisdiction and will not issue a certificate of appealability.

**I.**     **BACKGROUND AND PROCEDURAL HISTORY**

    This case arises from Petitioner's pretrial detention and ongoing state criminal proceedings.  (*See* Pet. ¶ 13.)  According to Petitioner, he was improperly denied pretrial release under New Jersey's Criminal Justice Reform Act ("CJRA"), N.J. Stat. §§ 2A:162-15 to -26.  (*See id.*)  Specifically, he contends that "the Decision Making Framework (DMF) trier of fact prejudiced Petitioner's eligibility" under the CJRA, "thereby denying Petitioner's release . . . ."  (*Id.*)

Petitioner seeks an order "[r]emanding the Middlesex County Superior Court, Law Division, Criminal Part to re-open a detention hearing" to re-evaluate whether Petitioner should be released pending the conclusion of his trial.  (*Id.* ¶ 15.)

Petitioner initiated this matter by filing the Petition on or around October 10, 2023.  (*See* Pet.)  On October 30, 2023, Petitioner submitted his IFP Application.  (*See* IFP Application.)

**II.      LEGAL STANDARD**

"Habeas corpus petitions must meet heightened pleading requirements."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases.[1]  A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Thus, federal courts may "dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland*, 512 U.S. at 856.  In particular, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief."  *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

---

[1] The rules governing Section 2254 cases also apply to petitions brought pursuant to Section 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

### III. DISCUSSION

Generally, federal habeas corpus relief for state prisoners is a post-conviction remedy. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975). Although federal courts have "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *id.*, federal courts must exercise that jurisdiction "sparingly" in order to prevent federal pretrial interference of "the normal functioning of state criminal processes." *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46).

As a result, district courts should not exercise jurisdiction at the pretrial stage absent exhaustion of state court remedies, unless the detainee presents extraordinary circumstances that by their very nature obviate the exhaustion requirement. *See id.*; *Jackson Bey v. Daniels*, No. 19-16374, 2019 WL 4749822, at *1 (D.N.J. Sept. 27, 2019). Exhaustion requires a petitioner to have fairly presented each federal ground raised in their petition to each level of the New Jersey state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999).

Here, Petitioner indicates that he has not exhausted his claims in state court. (*See* Pet. ¶ 13(b).) Moreover, Petitioner does not allege any extraordinary circumstances that would justify pretrial habeas jurisdiction. *See Moore*, 515 F.3d at 445–46. Accordingly, the Court declines to exercise pretrial habeas jurisdiction and will dismiss the Petition without prejudice.

### IV. CERTIFICATE OF APPEALABILITY

State pretrial detainees must obtain a certificate of appealability to challenge "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). "When the district court denies a habeas petition on procedural grounds without reaching the . . . underlying constitutional claim," a

certificate of appealability should issue when the petitioner shows "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the discussion above, jurists of reason would not find it debatable that Petitioner has failed to exhaust his state court remedies and that the Court should not exercise pretrial habeas jurisdiction. Consequently, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed above, the Court will grant Petitioner's IFP Application. However, the Court will dismiss the Petition without prejudice for lack of jurisdiction and will not issue a certificate of appealability. An appropriate Order follows.

Date: December 19, 2023

                                                  s/ Zahid N. Quraishi  
                                                **ZAHID N. QURAISHI**  
                                                **UNITED STATES DISTRICT JUDGE**